IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROBERT EARL ANDERSON | § | |
| v. | § | CIVIL ACTION NO. 6:12-CV-105 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

ORDER OF DISMISSAL

The Report and Recommendation of the Magistrate Judge, which contains her findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The Report and Recommendation recommends that the decision of the Commissioner be affirmed and the complaint be dismissed. Plaintiff has filed written objections.

Having made a *de novo* review of the objections filed by Plaintiff, the Court finds that the findings, conclusions and recommendation of the Magistrate Judge are correct. Plaintiff first repeats his contention that the Administrative Law Judge ("ALJ") failed to "specifically question the medical expert" at the administrative hearing as to the date during the pertinent time period upon which Plaintiff was first limited to sedentary work. Objections at 2. However, as the Magistrate Judge pointed out, the medical expert testified that in his opinion, Plaintiff was capable of performing medium level work throughout the period from March 26, 1996, to May 4, 2002, which was the time period in question. *See* Report and Recommendation at 9 (citing Tr. at 773). It would have been pointless to simply ask the medical expert again whether Plaintiff was reduced to sedentary work during the same time period.

Next, Plaintiff contends that the ALJ failed to include a proviso that Plaintiff was illiterate in his hypothetical question to the vocational expert during the administrative hearing. Objections at 3 (citing hypothetical question as stated at Tr. at 777). However, that single question was limited

in two particular ways. First, the scope of the question was limited to determining whether Plaintiff could perform his *past relevant work* (which had been performed at the heavy exertional level) when he could only perform light level work with various other limitations; second, that specific question indeed did not address the issue of literacy, Tr. at 777, but it was added in subsequent questions. In response to that first question, the vocational expert testified that Plaintiff could not perform his past relevant work. The ALJ then added the assumption that Plaintiff is illiterate, which Plaintiff has not addressed, and confirmed that Plaintiff could not perform past relevant work. Tr. at 777-78. The ALJ then went on to ask another hypothetical question "with that same residual functional capacity" without eliminating the qualification of illiteracy. Tr. at 778. He asked whether there are other jobs that the Plaintiff could perform. *Id*. The vocational expert responded that there were and identified bakery worker, conveyor line, small products assembler and street cleaner, and specifically stated that each job included a language or reading level of "one." Clearly, the vocational expert considered that Plaintiff was capable of performing a job with that requirement, and stated that his answers were consistent with the Dictionary of Occupational Titles ("DOT"). Tr. at 778, 781. Given that Plaintiff testified that he had some minimal ability to read and to write, even if he needed his brother's help to interpret form questionnaires and sought help when he had questions, Tr. at 766-68, the Court will defer to the ALJ's decision. Furthermore, a finding of illiteracy does not necessarily require a finding of disabled for individuals whose residual functional capacity otherwise permits them to perform light or sedentary work. *Perez v. Barnhart*, 415 F.3d 457, 463-64 & n.6. Finally, although Plaintiff did challenge the ALJ's consideration of his borderline intellectual functioning in his briefs, he only raised the issue of the DOT reading criteria for the jobs the vocational expert identified for the first time in his objections. Therefore, the analysis above notwithstanding, the Court is within its discretion to withhold consideration of the issue. *Hurndon v. Apfel*, 232 F.3d 208, 2000 WL 1272757, at *2 (5th Cir. Aug. 21, 2000); *Rodriguez v. Apfel*, 139 F.3d 898, *Cupit v.*

2

*Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994) (a party's entitlement to de novo review before the district court upon filing objections to the Report and Recommendation of the Magistrate Judge does not entitle it to raise issues at that stage that were not adequately presented to the Magistrate Judge), *cert. denied*, 513 U.S. 1163, 115 S. Ct. 1128, 130 L. Ed. 2d 1091 (1995).

Having conducted a *de novo* review, this Court finds the Report and Recommendation to be correct. Therefore, Plaintiff's objections are without merit and will be overruled. The findings and conclusions of the Magistrate Judge are therefore adopted as those of the Court.

In light of the foregoing, it is

**ORDERED** that Plaintiff's objections are hereby **OVERRULED**. It is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and the complaint is hereby **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that any motion not previously ruled on is **DENIED**.

It is SO ORDERED.

SIGNED this 8th day of August, 2013.

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE